PHILLIP T. WHITEAKER, Judge
Shawn Seth Hansen appeals from a decision of the Arkansas Workers' Compensation Commission (Commission), which affirmed and adopted the decision of the administrative law judge (ALJ) and which found that Hansen had failed to prove he sustained a compensable injury to his left foot. We affirm.
I. Facts
In November 2015, Hansen was employed by the City of Siloam Springs as a firefighter and an emergency medical technician. In that capacity, he worked in 24-hour shifts, and during his shift, he was required to stay on premises unless he was performing a work-related function or errand. As a result, his employer provided him with sleeping accommodations and encouraged sleep during the nighttime hours.
Hansen was working one of his 24-hour shifts on November 5, 2015. At approximately 1:30 or 2:00 in the morning, he awoke from a bad dream in which he believed spiders were crawling on him. In his sleepy stupor, he jumped from his bed and injured his foot, suffering a fracture of his left fifth metatarsal. He ultimately required surgery for his injury.
Hansen filed a claim for benefits, but his request was controverted on the basis that his injury was not work related but rather was idiopathic in origin. The ALJ agreed, finding that, while his sleep benefited his employer, his dream about spiders was idiopathic in nature. It was his dream that caused him to jump out of bed and injure himself. Thus, because his injury was idiopathic in nature and because sleeping in the employer-provided facilities did not increase his risk of harm, he failed to prove that he had suffered a compensable injury. Hansen appealed the denial of benefits to the Commission, which affirmed and adopted the findings of the ALJ. He now appeals that decision.
II. Standard of Review
In reviewing decisions from the Commission, we view the evidence and all reasonable inferences in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence.
*476 Garcia v. Jensen Constr. Co. , 2017 Ark. App. 450, at 3-4, 527 S.W.3d 749, 752. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Id. We defer to the Commission's findings of credibility and the resolution of conflicting evidence. Id.
III. Analysis
Hansen alleges that he suffered a compensable injury. A compensable injury is an accidental injury causing internal or external harm that arises out of and in the course of employment. Garcia, supra. A compensable injury must be established by medical evidence supported by objective findings, which are findings that cannot come under the voluntary control of the patient. Id. As the claimant, Hansen bears the burden of proving a compensable injury by a preponderance of the credible evidence. Id.
Hansen first claims that the Commission erred in finding that he suffered a noncompensable idiopathic injury. The Commission found that the cause of Hansen's injury was his dream about spiders. Because it was the dream that caused him to jump from his bed, not any work-related function, the Commission determined his injury was idiopathic in origin; thus, not compensable.
Hansen argues that his injury was not idiopathic. An idiopathic injury is one whose cause is personal in nature, or peculiar to the individual. Crawford v. Single Source Transp. , 87 Ark. App. 216, 189 S.W.3d 507 (2004). He disagrees that his injury was caused by his dream. Instead, he takes the position that the injury was due to his employer-provided sleeping arrangements.
Essentially, Hansen's first argument requests that we reweigh the evidence and reach a different conclusion. While we might have reached a different conclusion, there was substantial evidence to support the Commission's decision in this regard. Under our standard of review, the issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. Bennett v. Tyson Poultry, Inc. , 2016 Ark. App. 479, 504 S.W.3d 653.
Hansen next argues that, even if his injury is deemed to be idiopathic, his work conditions contributed to his risk of injury; therefore, it should have been deemed compensable. Because an idiopathic injury is not related to employment, it is generally not compensable unless conditions related to the employment contribute to the risk. Garcia, supra. Employment conditions can contribute to the risk or aggravate the injury by, for example, placing the employee in a position that increases the dangerous effect of a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle. Id.
Here, the Commission found that there was no added danger or risk from Hansen's employer-provided sleeping quarters and that it was reasonable to conclude that he would have experienced the same type of sleeping conditions at home in his own bed. Thus, his work conditions did not add to or contribute to his risk of injury. Again, the issue here is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; it is whether reasonable minds could reach the Commission's conclusion. As reasonable minds could reach the Commission's conclusion under the facts presented to us, we must affirm its decision based on our standard of review.
Hansen's final argument is that he was entitled to medical and temporary total-disability benefits as a result of his specific-incident injury. However, because we *477 affirm the Commission's finding that Hansen failed to prove he sustained a compensable injury, we need not reach the merits of his final argument.
Affirmed.
Gladwin and Brown, JJ., agree.